**John G. MILES, Plaintiff,**

v.

**DENVER PUBLIC SCHOOLS, Defendant.**

**Civ. A. No. 89–B–1121.**

United States District Court, D. Colorado.

March 27, 1990.

Martha R. Houser, William J. Maikovich, Gregory J. Lawler, Michelle Smith Rabouin, Colorado Educ. Ass'n, Aurora, Colo., for plaintiff.

Martin Semple, Patrick B. Mooney, Semple & Jackson, P.C., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me are cross motions for summary judgment. The sole issue is whether defendant Denver Public Schools (DPS) violated the First Amendment speech and expression rights of plaintiff teacher John G. Miles (Miles) by reprimanding him for a statement he made to his ninth grade National Government class. The issue has been adequately briefed by both parties and oral argument would not assist me in my ruling. Because DPS's interest in suppressing the speech outweighed Miles' interest in making the statement, I grant DPS's motion for summary judgment and deny Miles' motion for summary judgment.

Plaintiff John G. Miles (Miles) was a teacher employed with defendant Denver Public Schools (DPS) at Thomas Jefferson High School. On March 31, 1989, while conducting his ninth grade National Government class, Miles was asked by a student to explain the difference between the high school today as opposed to prior years. According to Miles' uncontested deposition, Miles responded that the building now was not as clean, that there was a lack of discipline and "I don't think in 1967 you would have seen two students making out on the tennis court." Miles Deposition at 78. The deposition also indicates that Miles specifically named one of the individuals involved in the incident on the tennis court. Miles Deposition at 74–75, 79 & 119–20.

The students allegedly involved in the incident on the tennis court and their parents complained to school personnel about Miles' statement. Miles was placed on administrative leave with pay while DPS conducted an investigation. Subsequently, the Assistant Principal issued a letter of reprimand to Miles which states in relevant part:

> After completing the investigation of the alleged incident in your period 3 class on March 30, 1989, I find it necessary to write you this letter of reprimand. The investigation revealed that you displayed poor judgment in your comment "making out" on the tennis court. Informing your students of an alleged incident of one of your tennis players "making out" with a female student on the tennis courts during the lunch period was an inappropriate topic for comment in a classroom setting.

The letter was placed in Miles' personnel file. Miles was also instructed to "refrain from commenting on any items which might reflect negatively on any individual members of our student body."

Miles' sole claim is that his answer to the student's question was protected by his right to exercise free speech and freedom of expression as guaranteed by the First and Fourteenth Amendments to the United States Constitution. DPS claims that the answer was outside the scope of First Amendment protection. Both parties seek summary judgment on this discrete issue. Whether Miles' reply is entitled to First Amendment protection is a legal query. *Koch v. City of Hutchinson,* 847 F.2d 1436, 1441 (10th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 262, 102 L.Ed.2d 250 (1988).

To establish that DPS's actions against Miles contravenes his First Amendment rights, Miles must satisfy the test articulated in *Mount Healthy City School Dist. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977). Under *Mount Healthy,* (1) Miles must initially show as a matter of law that his answer to the student's question deserves constitutional protection, (2) Miles then must prove as a factual matter that the answer was a motivating factor in the action taken by DPS against Miles and (3) DPS is then given an opportunity to prove that it would have taken the same action regardless of Miles' answer. *McEvoy v. Shoemaker,* 882 F.2d 463, 465 (10th Cir.1989).

On the summary judgment motions before me, only the first prong of the *Mount Healthy* test is at issue. Miles' answer to the student's question deserves constitu-

tional protection if (1) it constitutes a matter of public concern and (2) Miles' interest in answering as he did outweighs "the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Pickering v. Board of Educ.*, 391 U.S. 563, 568, 88 S.Ct. 1731, 1735, 20 L.Ed.2d 811 (1968); *McEvoy*, 882 F.2d at 465.

## I. MATTER OF PUBLIC CONCERN

Whether Miles' answer to the student's question addressed a matter of public concern "depends on its content, context and form...." *Rankin v. McPherson*, 483 U.S. 378, 384–85, 107 S.Ct. 2891, 2896–97, 97 L.Ed.2d 315 (1987); *McEvoy*, 882 F.2d at 466. Miles' answer is a matter of public concern if it can be "fairly considered as relating to any matter of political, social, or other concern of the community." *Connick v. Myers*, 461 U.S. 138, 146, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983); *Wulf v. City of Wichita*, 883 F.2d 842, 857 (10th Cir.1989).

Miles' statement regarding students "making out" was in response to a question regarding the deteriorating conditions at the public school. Miles is correct in arguing that the subject pertained to the affairs of his students, the school and the community at large. His answer was not motivated solely by personal interest or hostility. *See Conaway v. Smith*, 853 F.2d 789, 796 (10th Cir.1988). Rather, it was calculated to enlighten students to the relative condition of the institution in which he instructed and in which the students were enrolled. The subject had more than "purely personal significance." *See Ware v. Unified School Dist.*, 881 F.2d 906, 909 (10th Cir.1989); *McEvoy*, 882 F.2d at 467. Thus, the topic itself was a matter of public concern.

However, the public concern analysis does not stop here. As the Tenth Circuit recently stated:

> [I]n determining whether speech is on a matter of public concern, "it is not always enough that 'its *subject matter* could, in [certain] circumstances, [be] the topic of a communication to the public that might be of general interest.' [*Connick*, 461 U.S. at 148] n. 8 [103 S.Ct. at 1691 n. 8] (emphasis added). What is actually said on that topic must itself be of public concern." *Wilson v. City of Littleton, Colo.*, 732 F.2d 765, 769 (10th Cir.1984).

*Melton v. City of Oklahoma City*, 879 F.2d 706, 713–14 (10th Cir.1989) (all modifications in original). I must look beyond the subject matter of the statement, which in this case is clearly a matter of public concern, and evaluate the statement itself.

The distinction between subject matter and statement wording is important here because it is clear from the depositions that Miles was not reprimanded for making the now-and-then comparison of the school. He was reprimanded for using the rumored incident on the tennis court as an example and, more specifically, for using the name of one of the students alleged to have been involved in the incident.

Miles does not argue that he had any basis for believing that the incident occurred but for hearing the story from a colleague. The pleadings show that the particulars of Miles' statement were nothing more than repetition of unsubstantiated rumor. Miles admits that he never confirmed that the incident in fact took place before circulating the rumor to his students. "It is difficult to see how a maliciously or recklessly false statement could be viewed as addressing a matter of public concern. Nonetheless, a merely erroneous statement *may* be of public concern." *Wulf*, 883 F.2d at 859 n. 24 (emphasis in original) (citation omitted). Likewise, although repetition of unverified information may involve a matter of public concern, I agree with defendants that, in this case, revealing the name of one of the students involved in the tennis court episode did not address a matter of public concern, even if subsequently confirmed.

Arguably, *Johnsen v. Independent School Dist.*, 891 F.2d 1485, 1490–93 (10th Cir.1989), stands for the proposition that I should not separate the subject matter of Miles' statement from the statement itself when determining whether it touched on a

matter of public concern. Although I do not read *Johnsen* as stating such a rule, even if it did, Miles' statement is not protected by the First Amendment because his interest in answering the question as he did is outweighed by DPS's competing interests in suppressing the statement.

## II. COMPETING INTERESTS

I agree with DPS that it has a stake in (1) preventing teachers from using their authoritative positions to provide credibility to otherwise unsubstantiated rumors, (2) disassociating itself from statements which lend credence to rumors about students, (3) the content and teaching methods of teachers, (4) providing an educational atmosphere free from embarrassing statements by teachers about students and (5) maintaining a teaching staff with sound judgment. These interests must be weighed against the interests Miles had in making the statement.

Miles argues only that his status as a teacher heightens his First Amendment interest. It may be that, under some academic freedom theory applicable to high school instructors, he is afforded more latitude than a non-academic speaker. On the other hand, the academic freedom interest cuts both ways and may actually weigh in favor of DPS. As one commentator argued, "constitutional academic freedom should primarily insulate the university in core academic affairs from interference by the state" as opposed to protecting the individual teacher's autonomy. Byrne, *Academic Freedom: A "Special Concern of the First Amendment,"* 99 Yale L.J. 251, 253 (1989). However, regardless of the issues in the field of academic freedom, I need not decide that issue because, even if Miles is correct, DPS's interests are weightier.

Miles admittedly made an inappropriate comment. Although "[t]he inappropriate or controversial character of a statement is irrelevant to the question whether it deals with a matter of public concern," *Rankin,* 483 U.S. at 387, 107 S.Ct. at 2898, it is relevant to balancing the parties' relative interest. Miles concedes his error in judg-ment. It can hardly be contested that DPS has an interest in maintaining the quality of its faculty. By the very nature of the teaching profession, poor judgment will most likely manifest itself in instructors' speech. Thus, in weeding out ineffective or harmful teaching methods, fostering an atmosphere free of embarrassing and pernicious rumors, and fashioning employment decisions calculated to attain or preserve teaching excellence, DPS may have to base its employment decisions on the content of teachers' expression. Under the circumstances here, the interests of DPS outweigh Miles' interest in making the statement. This is harmonious with the Supreme Court's "oft-expressed view that the education of the Nation's youth is primarily the responsibility of parents, teachers, and state and local school officials, and not of federal judges." *Hazelwood School Dist. v. Kuhlmeier,* 484 U.S. 260, 273, 108 S.Ct. 562, 571, 98 L.Ed.2d 592 (1988).

ACCORDINGLY, it is ORDERED that Plaintiff's motion for summary judgment is DENIED.

It is FURTHER ORDERED that Defendant's motion for summary judgment is GRANTED and this case is dismissed.